# CASES

# SUPREME JUDICIAL COURT,

## COUNTY OF OXFORD,

ARGUED MAY TERM, 1848.

---

COLMAN GODWIN *versus* WILLIAM GREGG & *al.*

The levy of an execution upon an undivided portion of a part of a farm, such part being specified by metes and bounds, the whole of which farm was holden by the debtor as tenant in common, with another, will, it seems, be considered to be valid until the other co-tenant has obtained partition, and ousted the creditor from the part so levied upon; and therefore an action cannot be maintained on the judgment, until the creditor has been ousted of some part of the land levied upon.

And if the officer making the levy, as a coroner, held at the time one commission, as a coroner, and another, as a justice of the peace, that will not render the levy void.

In this case, no copies of the case, or statement of facts, came into the hands of the Reporter. It may, however, be understood from the opinion of the Court.

At May Term, 1847, the Chief Justice called on the counsel for the defendant, to show that the suit could not be maintained, and did not call on the counsel for the plaintiff.

At the May Term, 1848, the Court informed the plaintiff's counsel, that they would be heard, who handed in a brief, and the action was again continued *nisi*.

*S. & G. F. Emery,* for the plaintiff, argued in support of these positions: —

A balance is due to the plaintiff at all events, whether the levy be good or not. We say, that we should have judgment for the full amount of the execution and interest, but at all events, we must have judgment.

The levy is void, because the officer making it held commissions both as a coroner and a justice of the peace, No person can legally exercise the office of a coroner, while he is a justice of the peace. Const. of Maine, art. III, § 1 and 2; 3 Greenl. 487; 3 Greenl. 326; 4 Greenl. 340; 7 Greenl. 14.

The levy is also void, because a part only of the estate in common was taken. The farm was owned in common, by the debtor and another, and the levy was made upon the debtor's interest in a portion, only, of the farm. 1 N. H. Rep. 42; 9 Mass. R. 34; 12 Mass. R. 349 and 474; 13 Mass. R. 51; 3 Greenl. 288; 24 Pick. 327; 18 Maine R. 230; 8 Metc. 47.

The plaintiff is not estopped by the levy. And to make it an estoppel, it should be pleaded. 15 Mass. R. 495; 14 Pick. 167; 3 A. K. Marsh. 41; 4 Litt. 272; 2 Johns. R. 582.

Debt is the proper form of action. 3 Fairf. 303.

*Codman* and *J. A. Poor,* for the defendants, contended, that under the provisions of the Revised Statutes, the action of debt could not be maintained in a case like this. There is a distinction between Rev. Stat. c. 94, § 23, and the former law, under which the case in 3 Fairf. 303, was decided. *Scire facias* is now the only remedy to revive a judgment.

The levy is good against every one, but other co-tenants, and is therefore good until they interfere to avoid it.

If the coroner, who made the levy, had also a commission as a justice of the peace, the latter would be vacated the moment he acted as coroner, and he would continue legally a coroner, though not as a justice.

The opinion of the Court, SHEPLEY J. taking no part in the decision, was drawn up by

WHITMAN C. J. — The levy, relied upon in defence, is in satisfaction of a part only of the plaintiff's claim; and the plaintiff objects, that it was void, it having been made upon

an undivided moiety of a certain part of a larger tract of real estate, which the debtor, Gregg, held as tenant in common with another person; and insists on his right to recover the whole amount of his former judgment; and whether he has such right, is the principal question raised for our decision. No case, it is believed, has occurred, in which a question precisely similar, in all its concomitant circumstances, has been adjudicated upon. Numerous cases have been decided, in which it has been determined, that levies upon, and conveyances of, distinct parts of property held by a debtor or grantor, in common with others, was inoperative upon the rights of the co-tenants; and in several of them it has been incidentally remarked, that such a levy is good, by way of estoppel, against the debtor; so that, if the other co-tenants should have their purparties set off, on partition, in severalty, without interfering with the part levied upon or conveyed, it would make a good title thereto to the grantees or persons, who had levied thereon. *Bartlett* v. *Harlow*, 12 Mass. R. 348; *Baldwin* v. *Whiting & al.* 13 *ib.* 57; *Varnum* v. *Abbott & al.* 12 *ib.* 474; *Brown* v. *Bailey*, 1 Metc. 255; *Staniford* v. *Fullerton*, 18 Maine R. 229; *Gregory* v. *Tozier*, 24 *ib.* 308. And it does not seem, from the authorities, that it should make any difference, if the levy be of an undivided portion of such parts of a larger tract held in common. The case of *Varnum* v. *Abbott & al.* was of this description. Yet it was held, in one of the cases cited, that one holding such undivided part could not maintain a petition for partition against a co-tenant of the whole tract; and it is not conceivable that the debtor could have partition of the residue against the co-tenant of the larger tract, unless it were by consent.

But, perhaps, it would not be admissible for a creditor, who had taken it upon himself so to levy, to make objection to its validity. It may be more reasonable that he should, in such case, be required to wait till the other co-tenant should have obtained partition, and, then, if ousted of his enjoyment of any portion of the estate levied upon, to revive his claim under

his judgment against his debtor, in one of the appropriate modes, in such cases provided.

In the statement of facts it is agreed, that the officer, who made the plaintiff's levy, was also a justice of the peace. It is not, however, stated, that he performed any act, or professed to exercise any of the powers incident to the latter office. Though he might hold commissions, both as coroner and justice of the peace, it was still competent for him to act in one of those capacities ; and acting as a coroner it might be inferred that he had renounced the exercise of his powers as a justice of the peace.

But if he acted under both commissions, on different, and independent occasions, his acts, so far as the rights of others were concerned, may be deemed valid. Having a commission for the purpose, duly issued, and acting pub cly under it, the citizens cannot be expected to be conusant that he holds another commission, with the duties of which his acts are incompatible. He may be culpable for exercising powers under incompatible commissions. And the government may have a right, by information, to inquire of him *quo warranto* he assumes the performance of the duties of the one or of the other office ; and to annul his power to exercise the functions of one of them. But while he holds both commissions, and acts under them, on independent occasions, the citizens are not bound to know, nor can they well be expected to know that he is not authorized to perform either; and his acts, in either capacity singly, and independent of the other, must be held to be valid as between other parties. It was so considered in the case of the *Commonwealth* v. *Fowler*, 10 Mass. R. 290 ; and this although Fowler's commission as judge of probate, under which he had acted, was adjudged void, it having been issued to him, before the law authorizing his appointment had gone into operation. And this seems to have been a m ich more glaring case of official exercise of authority, unwarranted by law, than the one before us; especially as the coroner in this case must be supposed to have acted under a commission duly issued by authority of law ; and, so

far as is apparent, unaffected by any incompatibility of action.

If he, in this instance, had returned, that he, as a justice of the peace, had administered the requisite oath to the appraisers, it would have presented a case of more difficulty, as he would then have appeared to have acted in both capacities in the same transaction. The case, however, of *Bamford* v. *Melvin*, 7 Greenl. 14, by implication, might have been considered an authority for holding such a levy to be void. But the Court, nevertheless, decided in that case, although the certificate of the taking of the oath by the appraisers, had the officer's name affixed to it, in his capacity of justice of the peace, whereby it was made evident to the Court, that he pretended to act in both capacities, yet, it was holden, inasmuch as he had stated in his return, that the appraisers were duly sworn, without saying by whom, as it is a principle of law, between other parties, that his return must be deemed conclusive, that the levy was valid.

On the whole our conclusion is, that judgment must be entered upon default ; and that the plaintiff is not yet in such a situation, in reference to the land levied upon, that judgment can be entered up for any more than the balance, with interest, after the amount purporting to be satisfied by the levy shall have been deducted.

If execution might have been issued no costs to be taxed for plaintiff.